## Case No. 14,607.

### UNITED STATES v. BLAIR.

[3 Int. Rev. Rec. 67.]

District Court, D. New Jersey. 1866.

INTERNAL REVENUE—ILLEGAL DISTILLATION—FORFEITURE OF DISTILLERY.

[Knowledge on the part of the owner of a distillery that his lessees are using the same for the fraudulent manufacture of liquors and evading payment of taxes thereon, is sufficient to warrant a forfeiture of the property.]

[This was a libel of forfeiture filed against a distillery of David Blair of Woodbridge, Middlesex county, N. J.] This distillery and the stills, boilers, machinery, and a quantity of distilled spirits, were seized on the 18th of December last, by Elston Marsh, collector of internal revenue, for violations of the tax law. An information was filed by the United States district attorney, charging that the whole property was liable to forfeiture for having been used in the fraudulent manufacture of liquors. David Blair filed an answer, claiming that he was the owner of the distillery and the stills, boilers, and machinery, and setting forth that he had leased the same to one George W. Knight, who, with George Mountjoy, had conducted the business. He did not deny the fraudulent use of the distillery, or that liquors had been made and removed without inspection or payment of taxes, but alleged that he had no interest or complicity in the business, and insisted that his property could not be forfeited for the fraud of others. Testimony was taken, clearly showing the fraudulent manufacture of spirits by Knight and Mountjoy, and Blair's knowledge of such fraudulent use of the property. But Messrs. Shreve and E. W. Scudder, the counsel of Mr. Blair, earnestly contended that, since he was merely the owner of the distillery, and was not the acting distiller, nor interested in the business, nor engaged in the perpetration of the frauds, his property was not subject to forfeiture.

Mr. Keasby, on behalf of the government, insisted that the use of the distillery for fraudulent manufacture worked an absolute forfeiture of the property so used, entirely irrespective of the claims of the owner or his complicity in the transaction, and that every owner of such property was bound to see that it was not put to a fraudulent use on pain of forfeiture, his only remedy being by application to the secretary of the treasury for remission, which is authorized by law in cases of hardship where the owner is entirely without fault.

FIELD, District Judge, sustained the view of the district attorney, and charged the jury that the law provided in plain terms that the owner, agent, or superintendent, or any person using a distillery, must see that all the requirements of the statute are fulfilled; that such stringent provision was necessary in order to secure compliance with the law in a business offering such temptations to fraud, and to guard against invasion; that the very purpose of the act was to make the owner of the property responsible for its lawful use; and that otherwise any owner of a distillery might put it into the hands of irresponsible parties, and enable them to perpetrate frauds, with no risk but that of the loss of such liquors as they happened to have on hand at the time of seizure. The judge explained to the jury in forcible terms the necessity and wisdom of these apparently harsh provisions of the law, and directed them, if they believed the evidence of fraud on the part of the distiller, to render a verdict in favor of the government. Such verdict was rendered and a decree of forfeiture entered against the entire property.

